IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB A. BRINSON (A-82598),<br><br>       Plaintiff,<br><br>   v.<br><br>JACQUELINE LASHBROOK, JOHN TROST, RANDY PFISTER, SALEH OBAISI, and WEXFORD HEALTH SOURCES, INC., a Florida corporation,<br><br>       Defendants. | Case No. 17-cv-01659<br><br>Hon. John Z. Lee |

**INITIAL STATUS REPORT**

Pursuant to the Court's standing order on initial status conferences, plaintiff Bob A. Brinson ("Plaintiff"), defendants Wexford Health Sources, Inc. ("Wexford"), John Trost, M.D., and Saleh Obaisi, M.D. (together, the "Wexford Defendants"), and defendants Jacqueline Lashbrook and Randy Pfister (together, the "IDOC Defendants") jointly submit the following status report.

    **I.**    **Nature of the case.**

        **A. Attorneys of record for each party, including the lead trial attorney.**

**For Plaintiff:**

| | |
|---|---|
| Steven J. Yatvin (lead trial attorney)<br>Barack Ferrazzano Kirschbaum & Nagelberg LLP<br>200 W. Madison St., Ste. 3900<br>Chicago, IL 60606<br>(312) 984-3100 (phone)<br>steven.yatvin@bfkn.com | Alison R. Leff<br>Sidley Austin LLP<br>1 S. Dearborn St.<br>Chicago, IL 60603<br>(312) 853-7000 (phone)<br>aleff@sidley.com |

1

| | |
|---|---|
| **For Wexford Defendants:** | **For IDOC Defendants (no lead trial attorney designated):** |
| Matthew Weller (lead trial attorney) | |
| Ronald E. Neroda | Megan M. Honingford |
| Cassiday Schade LLP | Office of the Illinois Attorney General |
| 20 N. Wacker Dr., Ste. 1000 | 100 W. Randolph St., 13th Floor |
| Chicago, IL 60606 | Chicago, IL 60601 |
| (312) 641-3100 (phone) | (312) 814-2527 (phone) |
| mweller@cassiday.com | |
| rneroda@cassiday.com | |

**B. Basis for federal jurisdiction.**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a) because Plaintiff brings this action under 42 U.S.C. § 1983 to remedy violations of his rights under the Eighth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. This court has jurisdiction over Plaintiff's Illinois breach of contract claim pursuant to 28 U.S.C. § 1367(a), which confers federal court jurisdiction over state claims that form part of the same case or controversy as any action brought under the district court's original jurisdiction.

**C. Nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), asserts claims under 42 U.S.C. § 1983 for the defendants' alleged deliberate indifference to his medical needs. Plaintiff also asserts a claim for breach of contract against the Wexford Defendants arising from their alleged failure to comply with a 2014 settlement agreement entered into to resolve a civil rights case Plaintiff filed in 2011. The defendants have not asserted counterclaims.

**D. Statement of the major legal and factual issues in the case to be submitted by each side in 200 words or less per side.**

**Plaintiff's statement:**

Plaintiff has suffered from Polycystic Kidney Disease ("PKD"), a chronic, degenerative illness, since before his incarceration in 2009. In 2011, Plaintiff filed a civil rights lawsuit arising from Stateville personnel's failure to provide him with constitutionally adequate medical care for his PKD, including a medical diet. The parties to that lawsuit and Wexford (who was not a party to that lawsuit) entered a settlement agreement in 2014 that obligates Wexford and its employees to provide continuing care for Plaintiff's PKD by, among other things, taking Plaintiff to specialists outside the IDOC; following the specialists' recommendations; and ordering a medical diet.

Plaintiff brings this lawsuit because the Wexford Defendants breached the settlement by failing to take Plaintiff to his specialist appointments and failing to provide a renal diet, contrary to the specialists' recommendations. The Wexford Defendants and the IDOC Defendants also violated Plaintiff's constitutional rights, entitling him to relief under 42 U.S.C. § 1983, by failing to provide necessary medical care, including the necessary diet. As a result of the defendants' conduct, Plaintiff was forced to undergo emergency surgery to begin dialysis through a temporary catheter in his neck, an avoidable consequence of his failure to receive the necessary care.

**Wexford Defendants' statement:**

The Plaintiff's claims arise from his incarceration at Stateville and Menard. With respect to Stateville, the Plaintiff alleges that Dr. Obaisi and Wexford failed to take Plaintiff to specialist appointments and failed to provide him with constitutionally adequate medical care.

Separately, the Plaintiff asserts a claim against Dr. Trost relative to the brief time that the Plaintiff was transferred by the IDOC to Menard at the end of 2016. The Plaintiff claims, in his Menard claim, that Dr. Trost did not provide him with a renal diet and did not provide him with

3

appropriate medical care at Menard.

The Wexford Defendants deny any claims of deliberate indifference and will assert that the care and treatment, which the Plaintiff received, was reasonable and appropriate. In addition, Dr. Trost has filed a motion to sever and transfer the case against him (which includes only claims regarding the Plaintiff's care and treatment at Menard), to the Southern District.

Finally, the Plaintiff claims in his breach of contract action against Wexford that Wexford breached the 2014 Settlement Agreement by failing to abide by the obligations to provide certain care and therapeutic diet orders per the settlement. Wexford denies any breach of the Settlement Agreement.

**IDOC Defendants' statement:**

The IDOC Defendants include Randy Pfister, warden of Stateville, and Jacqueline Lashbrook, warden of Menard. Plaintiff asserts a claim against Warden Pfister for deliberate indifference in relation to the specialist appointments Plaintiff alleges were recommended for treatment of his PKD but which he did not attend while incarcerated at Stateville. Warden Pfister has moved to dismiss the claims against him based on Plaintiff's failure to allege Warden Pfister's personal involvement in Plaintiff's medical care or in the scheduling of and transportation to specialist appointments. Warden Pfister has also moved to dismiss Plaintiff's claim for injunctive relief based Plaintiff's status as a member of the plaintiff class in *Lippert v. Baldwin, et al.*, Case No. 10 C 4603 in the Northern District of Illinois, which will resolve his claim for injunctive relief.    Plaintiff asserts a claim against Warden Lashbrook for deliberate indifference in relation to his failure to receive a medical diet while incarcerated at Menard. These claims are distinct from the claims arising from Stateville. Warden Lashbrook has moved

4

to sever the claim against her and to transfer that claim to the Southern District of Illinois, the appropriate venue for a claim arising out of Menard.

    **E. Relief sought by Plaintiff.**

Plaintiff seeks money damages to compensate him for the unnecessary and avoidable pain he suffered as a result of the defendants' conduct; punitive damages; injunctive relief requiring the defendants to provide Plaintiff with constitutionally adequate care in the future; and costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**II.    Pending Motions and Case Plan.**

    **A. Day/Date of the Initial Status Hearing:** Thursday, August 24, 2017

    **B. Pending Motions.**

Defendants Trost (Wexford) and Lashbrook (IDOC) each filed a motion to sever and transfer the claims against him/her to the Southern District of Illinois, arguing those claims arise solely out of alleged acts or omissions that occurred while Plaintiff was incarcerated at Menard Correctional Center. Defendant Pfister has filed a motion to dismiss. Plaintiff opposes each motion, and each motion is fully briefed.

    **C. Proposed discovery plan.**

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) disclosures due | September 7, 2017 |
| Settlement conference | September 19 at 2 p.m. |
| Deadline to issue written discovery | September 21, 2017 |
| Deadline to amend pleadings (90 days after Rule 26(a) disclosures are exchanged). | December 6, 2017 |
| Deadline to complete fact discovery | March 7, 2018 |
| Plaintiff's expert report due | April 9, 2018 |
| Defendants' rebuttal expert report due | May 7, 2018 |
| Deadline to complete expert discovery | July 2, 2018 |
| Deadline to file dispositive motions | August 3, 2018 |

    **D. Trial:** The parties demand a jury trial. The parties expect trial to require seven days.

**III.** **Consent to Proceed Before a Magistrate Judge:** The parties do not consent unanimously to proceed before a Magistrate Judge.

**IV.** **Status of Settlement Discussions:** No settlement discussions have occurred, but the parties are scheduled to appear before the Court for a settlement conference on September 19, 2017. Pursuant to the Court's standing order regarding settlement conferences, the parties will exchange demand/offer letters before the settlement conference.

Dated: August 18, 2017

BOB A. BRINSON

By: */s/ Alison R. Leff*
  One of His Attorneys

Steven J. Yatvin
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 W. Madison St., Ste. 3900
Chicago, IL 60606
(312) 984-3100
(312) 984-3150 (Fax)
steve.yatvin@bfkn.com

-and-

Alison R. Leff
SIDLEY AUSTIN LLP
1 S. Dearborn
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (Fax)
aleff@sidley.com

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC.,
JOHN TROST, M.D., and SALEH
OBAISI, M.D.

By: */s/ Ronald E. Neroda*
  One of Their Attorneys

Matthew Weller (lead trial attorney)
Ronald E. Neroda
Cassiday Schade LLP
20 N. Wacker Dr., Ste. 1000
Chicago, IL 60606
(312) 641-3100 (phone)
mweller@cassiday.com
rneroda@cassiday.com


JACQUELINE LASHBROOK and
RANDY PFISTER

By: */s/ Megan M. Honingford*
  One of Their Attorneys

Megan M. Honingford
Office of the Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-2527 (phone)

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2017, I electronically filed the foregoing document, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Alison R. Leff*_____