**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BOB A. BRINSON, | |
| Plaintiff, | Case No. 17-cv-01659 |
| v. | Hon. John Z. Lee |
| JACQUELINE LASHBROOK et al. | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**

Because Defendants Wexford Health Sources, Inc. ("Wexford") and John Trost have violated the Court's order by failing to respond to outstanding discovery requests, plaintiff Bob A. Brinson respectfully requests the Court enter an order to show cause why Wexford and Trost should not be sanctioned pursuant to Federal Rule of Civil Procedure 37. In support of this motion, Plaintiff states as follows:

**BACKGROUND**

1.      Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") who suffers from polycystic kidney disease ("PKD"), a chronic, degenerative kidney disorder. Wexford is a private corporation that has contracted with the IDOC to provide healthcare to inmates in its custody.

2.      Plaintiff brought a civil rights lawsuit against certain IDOC and Wexford employees in 2014 alleging they violated his constitutional rights by failing to provide him adequate medical care for his PKD. Wexford (who was not a party to that case) and its defendant employees entered into a settlement agreement to resolve the case. Among other

1

things, the settlement agreement obligated Wexford to provide continuing medical care for Plaintiff's PKD, including a renal diet.  (*See* ECF No. 1-1.)

3.      Plaintiff filed his complaint in this case on March 2, 2017, alleging Wexford violated the settlement agreement, and that its employees Saleh Obaisi (then the medical director at Stateville Correctional Center) and John Trost (the medical director at Menard Correctional Center) violated his civil rights by failing to provide necessary medical care for Plaintiff's PKD. (ECF No. 1.)

4.      Defendants Wexford and Obaisi answered the complaint on June 1, 2017.  (ECF No. 39.)  Defendant Trost never answered the complaint, instead filing a motion to sever the claims against him and transfer them to the Southern District of Illinois.  (*See* ECF Nos. 37 (motion), 42 (Pl.'s opp'n brief), 45 (Trost's reply brief).)

5.      The court scheduled a settlement conference on September 19, 2017.  (ECF No. 49.)

6.      On the day of the settlement conference, IDOC failed to produce Plaintiff by videoconference as previously arranged, and instead informed the Court that Plaintiff had been transported to the University of Illinois at Chicago hospital the previous day for a medical visit. Plaintiff's counsel later learned that Wexford scheduled Plaintiff to receive a PKD-related surgery he had been requesting since January 2017 the day before the settlement conference, and that Plaintiff was still in the hospital on the day of the conference.

7.      Because the parties could not proceed with the settlement conference in Plaintiff's absence, the Court requested that the parties submit a "timeline chart" setting out a chronology of the events giving rise to the complaint.  The Court directed Plaintiff to submit an initial timeline

2

on October 6, 2017 and instructed the defendants to add their comments and re-submit the chart to the Court by October 27, 2017.

8.     Plaintiff timely submitted the initial timeline chart.  (*See* 10/6/17 email transmitting chart, attached hereto as **Exhibit 1**.)

9.     On October 18, 2017, Plaintiff served document requests and interrogatories on Wexford, Trost, and Obaisi, who are represented by the same counsel.  (*See* Pl.'s discovery requests, attached hereto as **Group Exhibit 2**.)

10.    Defendants failed to respond to the discovery requests when they came due on November 18, 2017.  On November 20, Plaintiff's counsel reached out to Wexford's counsel to inquire about the overdue discovery responses.  Wexford's counsel responded that he expected to the discovery "should be completed within a week" but would "touch base . . . early next week [with] a more precise date."  (*See* email chain, attached hereto as **Exhibit 3**.)

11.    The Wexford defendants never responded to the timeline chart or Plaintiff's discovery requests.

12.    On December 5, 2017, the parties appeared before this Court for a status hearing. Plaintiff's counsel reported that the Wexford defendants had not responded to the timeline chart or the discovery responses.  Following the hearing, the Court entered an order requiring Defendants to respond to the timeline chart by December 19, 2017 and to respond to outstanding discovery requests by January 31, 2018.  (ECF No. 57.)

13.    On December 23, 2017, pursuant to an agreed extension of their deadline, the Wexford defendants served their timeline chart response on Plaintiff's counsel.  Plaintiff's counsel provided return comments on December 27, 2017.  Wexford's counsel never replied and Plaintiff's counsel has no record showing that Defendants ever submitted the timeline chart to

3

the Court.

14. On or around December 25, 2017, defendant Saleh Obaisi died without having responded to the discovery served on him in October 2017.

15. The Wexford defendants failed to respond to discovery on January 31, 2018.

16. On February 14, 2018, the parties again appeared for a status hearing before the Court and Plaintiff's counsel again reported that Defendants failed to respond to discovery requests. Thereafter, the Court entered an order noting "Defense counsel reports that Wexford will respond to interrogatories and document requests shortly. . . . The parties shall submit a copy of the timely chart to chambers." (ECF No. 62.)

17. The Wexford Defendants have not responded to Plaintiff's discovery requests—which have now been outstanding for almost five months—and have not substantively responded to two emails from Plaintiff's counsel inquiring about the status of their comments on the timeline chart. (*See* emails attached hereto as **Group Exhibit 4**.)

## ARGUMENT

18. "Sanctions may be imposed when a party persistently fails to comply with a discovery order and displays willfulness, bad faith or fault in doing so." *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 720 (7th Cir. 2001) (quoting *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992); citing *Ladien, M.D. v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997)) (internal quotation marks omitted). Where a party "fails to obey an order to provide or permit discovery," the Federal Rules of Civil Procedure permit the court to sanction the party, including by entering an order: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or "striking pleadings in whole or in part" and "must order the disobedient party, the attorney advising that

4

party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(A), (C) (2018).

19.     Sanctions are appropriate in this case because the Wexford defendants have failed to comply with the Court's order that they respond to Plaintiff's discovery requests.  The Wexford defendants' failure to respond to discovery when it came due in November 2017, lack of any meaningful response to inquiries from Plaintiff's counsel about the status of discovery responses, blatant disregard for the Court's December 2017 order requiring responses by January 31, 2018, and failure to promptly submit discovery responses after representing at the February 14, 2018 hearing that responses would be forthcoming "shortly" demonstrates willfulness and fault.  As such, the Court should order Wexford and Trost to show cause why they should not be sanctioned.  *See, e.g., Nnadi v. Menard, Inc.*, No. 2:09 CV 197, 2011 WL 601655, at *1 (N.D. Ind. Feb. 11, 2011), amended, No. 2:09 CV 197, 2012 WL 2990690 (N.D. Ind. July 20, 2012) (noting a party's "repeated failure to resolve the discovery issues without court intervention, to respond to . . . motions, and to comply with the court's order . . . displays bad faith and a pattern of dilatory tactics and contumacious conduct of the type that warrants sanctions.")

WHEREFORE, Plaintiff respectfully requests the Court enter an order to show cause why Wexford and Trost should not be sanctioned, and award any further relief the Court deems just and proper.

Dated:  March 6, 2018

Respectfully submitted,

BOB A. BRINSON

By: *s/ Alison R. Leff*
One of His Attorneys

Steven J. Yatvin

5

ACTIVE 229744185

BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 W. Madison St., Ste. 3900
Chicago, IL  60606
(312) 984-3100
(312) 984-3150 (Fax)
steve.yatvin@bfkn.com

-and-

Alison R. Leff
SIDLEY AUSTIN LLP
1 S. Dearborn
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (Fax)
aleff@sidley.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018, I electronically filed the foregoing document, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Alison R. Leff*_____