IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB A. BRINSON, | |
| Plaintiff, | Case No. 17-cv-01659 |
| v. | Hon. John Z. Lee |
| WEXFORD HEALTH SOURCES, INC. *et al*. | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Plaintiff Bob A. Brinson has no objection to entering the Northern District of Illinois Model Confidentiality Order (Form LF 26.2) in this case, but opposes the defendants' motion (ECF No. 77) to enter an order with modifications that are unnecessary to achieve the defendants' stated aims and impose unreasonable burden and expense on Plaintiff.

**I. Wexford should not be permitted to expand the definition of "Confidential Information" in the Model Order to include all its policy and practice-related documents.**

Defendants John Trost, Ghaliah Obaisi, and Wexford Health Sources, Inc. (together, the "Wexford defendants") have proposed two objectionable modifications to this district's Model Confidentiality Order. First, they propose to amend the definition of "Confidential Information" in paragraph 2 of the order to include "the written policies of Wexford Health Source, Inc." and "any document created by or referencing Wexford Health Sources, Inc., its agents or employees, which reflect the policies, practices, or procedures of Wexford Health Sources, Inc. and/or implementation" of those policies, practices, or procedures. The court should not enter an order containing this proposed language because the concern Wexford purports to be addressing with

1

the language is already covered by the model order and the proposed language prejudices Plaintiff.

In their motion, the Wexford defendants provide the following explanation for the proposed modification of the model order: "As a private corporation, [Wexford's] policies, procedures, and other business information contain sensitive information that gives it a market advantage in the otherwise competitive field of providing correctional healthcare services. Wexford contends that this information is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G)." (ECF No. 77 ¶ 3.) But Wexford doesn't need this language to address those concerns: the Model Confidentiality Order's definition of "Confidential Information" *already includes* "information that reveals trade secrets" and "research, technical, commercial or financial information that the party has maintained as confidential." (*See* ECF No. 77-2 ¶ 2(b), (c).)

Wexford's proposal would broaden the definition of confidential information to include *all* of its policies, regardless of what they say, and "any document" it created that "reflects" its policies or its practices, including, for example any email, medical record, or form that discusses or shows Wexford's practices in action. Many such documents may not be—and probably aren't—entitled to confidential treatment; but by sweeping those documents into the definition of "Confidential Information", the Wexford defendants cut off Plaintiff's ability to challenge their designation. This is because the challenge process contemplated by the order requires the challenging party to show the designated document doesn't meet the definition of "Confidential Information." (ECF No. 77-2 ¶ 9.) If Wexford expands the definition of "Confidential Information" to include this broad category of its documents, the challenge process is essentially rendered meaningless. Plaintiff should not be saddled with the burden of treating as confidential

2

a broad swath of documents that do not qualify for confidential treatment under the law, but which defense counsel has insulated from ordinary treatment by including in the definition of confidential material.

Moreover, the Wexford defendants face no harm from excluding the proposed language from the order. If the Wexford defendants believe all their policy and practice-related documents and communications are entitled to confidential treatment, the model order permits them to designate the documents accordingly. If Plaintiff disagrees that any such documents fit within the definition of "Confidential Information" in the model order, he may challenge the designation and seek the court's guidance. As such, the Wexford defendants do not need the language they propose to protect their business interests.

II. **Wexford should not be permitted to restrict Plaintiff's ability to review copies of discovery produced in this lawsuit.**

Wexford also proposes a change to the model order that, without justification, limits Plaintiff's ability to review and maintain documents produced in this case. Specifically, the Wexford defendants propose entering a Confidentiality Order containing the following language as paragraph 5(c):

> Plaintiff shall be permitted to inspect documents that have been designated by any of the defendants as Confidential Information . . . in the presence of his attorney or prison officials in accordance with Illinois Department of Corrections procedures and guidelines, but shall not be permitted to photocopy, or retain copies of such documents without the Order of this Court or by consent of the parties.

The Wexford defendants' motion offers no explanation for this limitation, and it imposes an unjustified hardship on Plaintiff and his counsel. In the event Plaintiff's counsel wishes to show Plaintiff a document designated as confidential (even if that document is attached to a filing on the public docket), defendants' proposed Confidentiality Order would require Plaintiff's counsel to arrange a legal visit and then travel to Stateville to meet with Plaintiff in person. The

proposed order would also prevent Plaintiff from keeping copies of such documents or filings with him for reference during the course of the litigation. Mr. Brinson is the plaintiff in this case, and he is entitled to freely review and access documents relevant to his claims. There is no justification for restricting his ability to do so while this case is pending, or for imposing additional hurdles on counsel's ability to represent an incarcerated client, which already presents myriad logistical challenges.

### III. Conclusion

Because the Wexford defendants have presented no compelling basis for entering the Confidentiality Order they propose, and because that order imposes unjustified burden and expense on Plaintiff, Plaintiff respectfully requests the court deny Defendants' motion for entry of a confidentiality order and instead enter this district's Model Confidentiality Order.

Dated: May 17, 2018

Respectfully submitted,

BOB A. BRINSON

By: s/ Alison R. Leff
One of His Attorneys

Steven J. Yatvin
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 W. Madison St., Ste. 3900
Chicago, IL 60606
(312) 984-3100
(312) 984-3150 (Fax)
steve.yatvin@bfkn.com

-and-

Alison R. Leff
SIDLEY AUSTIN LLP
1 S. Dearborn
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (Fax)

aleff@sidley.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, I electronically filed the foregoing document, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Alison R. Leff*_____